# IN THE SUPREME COURT OF IOWA

No. 16 / 06–1420

Filed May 30, 2008

**CITY OF CORALVILLE, IOWA,**

Appellant,

vs.

**MIDAMERICAN ENERGY COMPANY,**

Appellee,

**IOWA DEPARTMENT OF JUSTICE,
OFFICE OF CONSUMER ADVOCATE,**

Intervenor-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Denver D. Dillard, Judge.

City of Coralville appeals from summary judgment entered in a declaratory judgment action. **AFFIRMED.**

Ivan T. Webber, Ahlers & Cooney, P.C., Des Moines, for appellant.

Sheila K. Tipton, Richard W. Lozier, and Nathanael J. Blake of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, for appellee.

John R. Perkins and Ben A. Stead, Office of Consumer Advocate, for intervenor-appellee.

**PER CURIAM**.

The City of Coralville appeals the district court's grant of summary judgment in favor of MidAmerican Energy Company in a declaratory judgment action. We affirm.

## I. Factual and Procedural Background.

The City of Coralville notified MidAmerican in January 2000 that the roadway at 1st Avenue in Coralville was to be widened, necessitating relocation of MidAmerican's overhead power lines. MidAmerican elected to place its electric lines underground. A dispute arose as to whether the City or MidAmerican would bear the costs of the undergrounding. In *City of Coralville v. MidAmerican Energy Co.*, Johnson Co. No. LACV61728 (*Coralville I*), the district court concluded the City had the authority, incident to its police power, to order the utility to move wires underground "at the utility's expense." MidAmerican did not appeal the ruling.

In 2005, Coralville undertook a street construction project in the vicinity of Quarry Road and 7th Street. A Coralville ordinance authorized the City to notify a utility to relocate at its expense power lines located in the City's right-of-way. Relying on this ordinance, Coralville directed MidAmerican to relocate its power lines underground in the area of the project. MidAmerican requested reimbursement for the cost of the work, but the City refused. MidAmerican went forward with the relocation of its lines after informing the City that the utility company reserved the right to recover all of its otherwise unreimbursed overhead-to-underground conversion costs from its customers in the City of Coralville in accordance with its state tariffs on file with the Iowa Utilities Board (IUB).

The City commenced this action seeking a declaration that the tariff was inapplicable and enjoining MidAmerican from assessing the tariff against Coralville citizens.[1] The City claimed MidAmerican was precluded from litigating the issue of whether it could charge the City or its citizens for the undergrounding because of the court's holding in *Coralville I*. It also requested the district court to declare the City's right to regulate its right-of-way would be violated if MidAmerican were permitted under the prevailing tariff to charge the costs of undergrounding to its customers.

MidAmerican denied the City's issue preclusion claim, and contended (1) the valid tariff allows it to charge its customers in the City for the cost of undergrounding, and (2) the IUB had exclusive jurisdiction to decide matters affecting the rates charged for electricity. The Office of Consumer Advocate (OCA) intervened in support of MidAmerican's position. MidAmerican and the City filed motions for summary judgment. The district court granted summary judgment in favor of MidAmerican.

## II.    Scope of Review.

We review a district court's summary judgment ruling for correction of errors at law. Iowa R. App. P. 6.4.

---

[1]In a separate, contemporaneous administrative proceeding, MidAmerican requested the IUB to determine the utility company could, under the prevailing tariff, include the cost of relocating power lines in the price charged to its customers for electricity. That administrative proceeding and the related judicial review action are the subject of our opinion filed today in *City of Coralville v. Iowa Utilities Board*, No. 07–0558.

**III.    Discussion.**[2]

**A.    Issue Preclusion.**  The City raised identical issue preclusion arguments before the district court in this case and in the administrative proceeding before the IUB.  We address those arguments in our opinion filed today in *City of Coralville v. Iowa Utilities Board*, No. 07–0558.  For the reasons stated in that opinion, MidAmerican was not precluded by *Coralville I* from recovering from its Coralville customers the costs of City-mandated relocation of power lines.

**B.    Control of the Right of Way.**  The City also contends the district court erred in rejecting its claim that the City's right to control its right-of-way trumps MidAmerican's tariff-based right to charge its customers for the costs of relocating power lines.  Our opinion filed today in *City of Coralville v. Iowa Utilities Board*, No. 07–0558, is dispositive of this claim as well.  For the reasons stated in that opinion, the tariff is a valid exercise of the board's power to regulate utility rates and does not violate the City's right to control its right-of-way.

**IV.    Conclusion.**

For the reasons stated in our opinion filed today in *City of Coralville v. Iowa Utilities Board*, No. 07–0558, the district court correctly concluded MidAmerican is not precluded by *Coralville I* from including the cost of relocating power lines in the price charged to its customers for electricity under a valid tariff, and Coralville's right to control its right-of-way is not violated by the enforcement of the tariff.  Accordingly, we

---

[2]In addition to the arguments we discuss below, the City on appeal contends the enforcement of the tariff permitting MidAmerican to "pass through" to its customers the cost of relocating power lines would violate article I, section 6, and article III, section 30 of the Iowa Constitution.  Although the City's constitutional challenge to the tariff was raised and decided before the IUB and district court in *City of Coralville v. Iowa Utilities Board*, No. 07–0558, it was not raised or decided in this declaratory judgment action. We therefore do not address the City's constitutional claims in this opinion.

affirm the district court's grant of summary judgment in MidAmerican's favor.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.

This is not a published opinion.